United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 18-14862-ref
Andrew James Lane                                                     Chapter 13
Tiffanie Jean Lane
     Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4        User: dlv            Page 1 of 1            Date Rcvd: May 16, 2019
                     Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 18, 2019.
db/jdb           +Andrew James Lane,   Tiffanie Jean Lane,   307 Alexandra Court,   Marietta, PA 17547-9246

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                   TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 18, 2019                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 16, 2019 at the address(es) listed below:
      KEVIN G. MCDONALD    on behalf of Creditor    PENNSYLVANIA HOUSING FINANCE AGENCY
       bkgroup@kmllawgroup.com
      LEON P. HALLER    on behalf of Creditor    PENNSYLVANIA HOUSING FINANCE AGENCY lhaller@pkh.com,
       dmaurer@pkh.com;mgutshall@pkh.com
      MICHAEL D. HESS    on behalf of Debtor Andrew James Lane amburke7@yahoo.com
      MICHAEL D. HESS    on behalf of Joint Debtor Tiffanie Jean Lane amburke7@yahoo.com
      SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,   ecf_frpa@trustee13.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM MILLER*R    on behalf of Trustee WILLIAM MILLER*R ecfemail@FredReigleCh13.com,
       ECF_FRPA@Trustee13.com
                                                                                                                                            TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Andrew James Lane<br>Tiffanie Jane Lane aka Tiffanie Jean Shaud<br>Debtors | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>Movant<br>vs. | NO. 18-14862 REF |
| Andrew James Lane<br>Tiffanie Jane Lane aka Tiffanie Jean Shaud<br>Debtors | 11 U.S.C. Section 362 |
| Scott Waterman<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$11,368.76**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | August 2018 to April 2019 at $1,126.00/month |
| Late Charges: | August 2018 to March 2019 at $25.47/each |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$11,368.76** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$11,368.76.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$11,368.76** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due May 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,126.00 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 10, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 4/15/19

_____
Michael D. Hess, Esquire
Attorney for Debtors

Date: 5/6/19

_____
Scott Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 16 day of May , 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Richard E. Fehling