United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-14862-elf
Andrew James Lane                                                         Chapter 13
Tiffanie Jean Lane
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4           User: Lisa                  Page 1 of 1                  Date Rcvd: Aug 13, 2019
                               Form ID: pdf900             Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 15, 2019.
db/jdb         +Andrew James Lane,    Tiffanie Jean Lane,    307 Alexandra Court,    Marietta, PA 17547-9246

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              +E-mail/Text: cneal@horstgroup.com Aug 14 2019 03:14:50
                 Maytown Village Square Association, Inc.,    c/o Horst Property Management,    PO Box 3330,
                 Lancaster, PA 17604-3330
                                                                                               TOTAL: 1

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 15, 2019                              Signature:  /s/Joseph Speetjens

___

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 13, 2019 at the address(es) listed below:
              AARON S. MARINES    on behalf of Creditor    Maytown Village Square Association, Inc.
               asm@rkglaw.com,  dls@rkglaw.com
              KEVIN G. MCDONALD    on behalf of Creditor    PENNSYLVANIA HOUSING FINANCE AGENCY
               bkgroup@kmllawgroup.com
              LEON P. HALLER    on behalf of Creditor    PENNSYLVANIA HOUSING FINANCE AGENCY lhaller@pkh.com,
               dmaurer@pkh.com;mgutshall@pkh.com
              MICHAEL D. HESS    on behalf of Joint Debtor Tiffanie Jean Lane amburke7@yahoo.com
              MICHAEL D. HESS    on behalf of Debtor Andrew James Lane amburke7@yahoo.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,  ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,
               ECF_FRPA@Trustee13.com
                                                                                               TOTAL: 8

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:    ANDREW JAMES LANE        :    Chapter 13
         TIFFANIE JEAN LANE,       :
                                   :
              Debtors              :
                                   :    Bky. No. 18-14862 ELF

# O R D E R

    **AND NOW**, **WHEREAS**:

A. The Debtor's counsel ("the Applicant") has filed an Application for Allowance of Compensation ("the Application").

B. The Application is being considered following the dismissal of this case, consistent with <u>In re Lewis</u>, 346 B.R. 89 (Bankr. E.D. Pa. 2006).

C. The Applicant requests that pre-confirmation plan payments held by the chapter 13 trustee be distributed to the Applicant.

D. The Applicant has certified that proper service has been made on all interested parties and that there has been no response filed.

E. The Debtor paid the Applicant **$ 1,690.00** in compensation before the commencement of the case.

F. Reasonable and allowable compensation is equal to or exceeds the sum of the pre-petition retainer and the amount of money presently held by the chapter 13 trustee **(i.e., $ 1,860.00 )**.

    It is therefore, **ORDERED** and **DETERMINED** that:

1. The Application is **GRANTED**.

2. Compensation is allowed in favor of the Applicant, but it is unnecessary for the court to determine that the requested compensation be allowed in a specific amount.

3. The Chapter 13 Trustee is authorized and directed to distribute to the Applicant as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B), all funds in his possession that are available for distribution to the Applicant.

Date: August 13, 2019

                                  **ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**